KELLIOKA COAL & COKE CORP. v. BROCK.

(Circuit Court of Appeals, Sixth Circuit. November 10, 1916.)

No. 2833.

DEEDS ⊜⇒211(1, 3)—FRAUD—FORGERY—EVIDENCE.

In a suit to set aside a deed on the ground that it was a forgery, or was obtained through gross fraud, the grantor being illiterate, evidence *held* to warrant a decree for the grantor.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 637–640, 642, 644, 645, 647; Dec. Dig. ⊜⇒211(1, 3).]

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Bill by Z. B. Brock against the Kellioka Coal & Coke Corporation. From a decree for plaintiff, defendant appeals. Affirmed.

J. H. Jeffries, of Pineville, Ky., and J. W. Chalkley, of Big Stone Gap, Va., for appellant.

W. Low, of Pineville, Ky., for appellee.

Before WARRINGTON and KNAPPEN, Circuit Judges, and SESSIONS, District Judge.

SESSIONS, District Judge. Questions of fact only are presented by this appeal. Appellee (plaintiff) filed his bill in the court below, seeking to have set aside and canceled a deed purporting to have been signed by him (by his mark) and to convey to appellant (defendant) several parcels of land situate in Harlan county, Ky., for a cash consideration of $6,000. Plaintiff alleges in substance that he did not receive such sum of money and never knowingly executed the deed, and that it is either a forgery or that a criminal fraud was practiced upon him in its procurement.

The testimony is so conflicting as to be irreconcilable, and to discuss it in detail would serve no useful purpose. Defendant claims that, on January 23, 1911, three of its agents and a fourth person called upon plaintiff at his house upon one of the parcels of land, and that, then and there, in their presence, the deed was executed and acknowledged by plaintiff, and the money paid to him by one of their number. Plaintiff claims that, upon the same date, in the yard and near the house of a neighbor, and in sight of such neighbor and his wife, and at the request of one and in the presence of another of the same agents of defendant, he executed what he supposed to be an oil lease of his lands in consideration of the sum of $50, which was then paid to him by such agent. The testimony shows conclusively that both of these transactions did not occur. If the deed was given, the oil lease was not; and, conversely, if the oil lease was given the deed was not. The problem which confronted the trial court, and which confronts this court, is to determine which of these two stories is true. One or the other is untrue. It is conceded that defendant sent the sum of $6,000 to one of its agents to be paid to plaintiff for the deed. If the money was not

paid to plaintiff, one or more of defendant's agents must have taken it, and have been guilty of a gross fraud against both parties. On the other hand, if plaintiff's claim is without foundation of truth, the commencement and prosecution of this suit, with full knowledge that his testimony would stand alone against the testimony of four other persons, constituted such an improbable and daring disregard of consequences by an illiterate, but fairly intelligent, old man 90 years of age, as to be almost incredible.

A careful and painstaking examination of this voluminous record convinces us that plaintiff has established his right to the relief which he seeks by the measure of proof which the law requires in such cases. His testimony is, in the main, straightforward and convincing. His statement that the only written instrument signed by him was a lease, and was executed in a neighbor's yard, and not in his own house, and in the presence of but two, instead of four, of defendant's agents, is directly corroborated by the positive testimony of two of his neighbors, who, so far as appears, are wholly disinterested, as well as by the equally positive testimony of a son and a daughter. His story of the transaction is also strengthened by the testimony of several other witnesses, some related to him and some not, to the effect that only two of the four persons who claim to have been present when the deed was executed and the money paid were actually together in that vicinity at the time, and that the others were then at a place several miles distant. Many closely connected circumstances might be mentioned which tend to support plaintiff's version of the affair. And while the evidence is hopelessly contradictory, upon the whole record we are led to believe that plaintiff has fairly made out his case. We are fortified in this view by the fact that the trial judge, who heard the case upon testimony taken partly in open court and partly by deposition, and who had the opportunity to see and observe several of the principal witnesses upon both sides, reached the same conclusion.

The decree of the lower court is affirmed.